**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROXSAN DAWN YOUNG,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.   19-15957

D.C. No. 1:18-cv-00055-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding

Submitted February 8, 2021[**]
San Francisco, California

Before:  BERZON, CHRISTEN, and BADE, Circuit Judges.

Roxsan Young appeals the district court's decision affirming the

Commissioner of Social Security's denial of her applications for disability and

supplemental security income.  We have jurisdiction pursuant to 28 U.S.C. § 1291

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm. The parties are familiar with the facts and we recount them only as necessary to resolve the arguments on appeal.

We review de novo and may set aside a denial of benefits only if it is unsupported by substantial evidence or the administrative law judge (ALJ) committed legal error. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

Young argues the ALJ erred at step four by determining Young could perform her past work as a mail clerk and order clerk. In particular, Young argues the ALJ's decision was not supported by substantial evidence because the ALJ asked the vocational expert (VE) if Young could perform her past work assuming, among a number of other limitations, that Young needs to rest and elevate her legs for 15 minutes every two hours during regular rest and meal breaks. Young argues "the question direct[ed] the [vocational expert] to assume something that is fundamentally not true: that workers can rest and elevate their legs for 15 minutes every two hours during breaks and lunch."

We are not persuaded. Read in context, the ALJ asked the VE whether a hypothetical person with Young's residual functional capacity could perform Young's past work of mail clerk and order clerk. The hypothetical included the limitation that Young needs to rest and elevate her legs for 15 minutes every two hours. The ALJ asked the VE to assume these limitations. The VE confirmed that

2

Young could perform her past work as an order clerk as it is generally performed, but not as she previously performed it, and a mail clerk as she previously performed it, but not as it is generally performed, given the stated limitations. The ALJ's finding at step four that Young was not disabled because she could perform her past work was supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019) (observing that a vocational expert's testimony "would be the kind of evidence—far 'more than a mere scintilla'— that 'a reasonable mind might accept as adequate to support' a finding about job availability") (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ did not err by concluding that Young had not met her burden of showing that she can no longer perform her past relevant work. *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).

Young's remaining arguments fare no better. Young suggests that the ALJ improperly considered a disability accommodation as part of the disability framework. This argument rests on the faulty premise that taking 15 minutes to rest and elevate one's legs during "normal breaks and the lunch period," is an accommodation.

Young also argues that some states require only a 10-minute rest period in the middle of each four hours worked.  This is a minimum requirement, not a maximum.

**AFFIRMED.**